UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SECURITIES AND EXCHANGE COMMISSION,                                     :
                                                                        :
                                                                        :
                        Plaintiff,                                      :
                                                                        :
        -v-                                                             :
                                                                        :
SRINIVAS KONERU,                                                        :
                                                                        :
                        Defendant.                                      :
                                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _04/16/2026_

25-cv-9327 (LJL)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

The Securities and Exchange Commission ("SEC") brought this action on November 11, 2025, alleging that Defendant Srinivas Koneru ("Koneru") engaged in a fraudulent securities offering. Dkt. No. 1. Koneru was served on February 23, 2026. Dkt. No. 9. Koneru has moved, pursuant to this Court's inherent power, for a stay of the proceedings in light of a lawsuit filed by Koneru in the District of Columbia. Dkt. Nos. 20–21. That lawsuit, *Koneru v. SEC*, No. 1:25-cv-04100 (D.D.C.) was filed on November 23, 2025, weeks after this lawsuit was filed but months before Koneru was served in this action. In that case, Koneru asks the D.C. District Court to decide whether the SEC's complaint in this case was filed unlawfully in violation of the Anti-Deficiency Act ("ADA"), 31 U.S.C. § 1342, because the SEC worked on and filed the complaint during the lapse in appropriations that occurred last fall. Dkt. No. 21 at 1. The SEC opposes the motion for a stay. Dkt. No. 22.

Traditionally, a request like that made by the Defendant here would be in the form of a motion for a stay of discovery pending resolution of a motion to dismiss. "A court may grant a motion to stay discovery pending decision on a motion to dismiss upon a showing of good cause from the moving party," and courts "consider '(1) [the] breadth of discovery sought, (2) any

prejudice that would result, and (3) the strength of the motion.'" *Cavallaro-Kearins v. Gruns Nutrition, Inc.*, 2026 WL 594027, at \*1 (S.D.N.Y. Mar. 3, 2026) (quoting *Cota v. Art Brands Studios, LLC*, 2022 WL 767110, at \*1 (S.D.N.Y. Mar. 14, 2022)).  Evaluated under that standard, Defendant has not made the requisite showing.  First, he has not argued that discovery would be unduly burdensome or exceed the scope of discovery that is expected in an SEC action of this nature.  In fact, the SEC represents that it has already collected some documents from Defendant during the investigative phase of this case.  Second, there is no motion, the strength of which the Court could evaluate.  Tellingly, Defendant does not put the merits of its ADA claim before this Court or ask this Court to evaluate the strength of those arguments.  Finally, this case will involve extensive and time-consuming international discovery.  In order for the case to move forward expeditiously, the parties need to start preparing requests for assistance directed to foreign tribunals.  Any delay in that process will cause harm to the SEC and to the public. The SEC has a "statutory mandate to protect the public interest through *prompt* and effective enforcement of the federal securities laws." *SEC v. Rayat*, 2022 WL 3656314, at \*9 (S.D.N.Y. Aug. 24, 2022) (quoting *Treats Int'l Enters. v. SEC*, 828 F. Supp. 16, 18 (S.D.N.Y. 1993)) (emphasis in original); *see also SEC v. CKB168 Holdings, Ltd.*, 2016 WL 11472222, at \*4 (E.D.N.Y. Jan. 6, 2016).

Defendant has sought to bypass the three-factor showing of good cause ordinarily required for a stay and this Court's evaluation of its ADA claim, as well as to obtain an indefinite stay of the prosecution of this case, by the contrivance of making its claims in another federal court.  He offers no good reason for having done so.  This was the first-filed case.  Defendant does not dispute that the arguments he makes in D.C. District Court that this lawsuit was filed unlawfully could be made in this Court, where the lawsuit was filed.  He asserts that there is

2

relief he is seeking in D.C. that he could not obtain through the assertion of a defense in this case.  But that argument borders on frivolous.  The relief to which Defendant refers is a declaratory judgment against the SEC declaring the actions filed in this Court null and void. *Koneru v. SEC*, No. 1:25-cv-04100 (D.D.C.), Dkt. No. 1.  But, according to Defendant, if the ADA in fact prohibited the SEC from initiating this action when it did, the five-year statute of limitations for monetary relief has run, and the only remaining relief that the SEC could seek— an injunction—would be illusory and not impact Defendant because he is retired.  Dkt. No. 21 at 2.  On these facts, the SEC may well have been within its rights to seek injunctive relief from this Court prohibiting Koneru from seeking relief from another federal court.  *See, e.,g. Tropic Techs., Inc. v. Vendr, Inc*., 2023 WL 2535215, at *6 (S.D.N.Y. Mar. 15, 2023) ("There is a 'bright-line rule' in this Circuit that '[t]he court before which the first-filed action was brought determines which forum will hear the case'") (quoting *Berkley Assurance Co.*, 2019 WL 6841419, at *3).

Koneru argues that this Court should enter a stay to "conserve this Court's resources by avoiding having to hear duplicate arguments already briefed int the DDC court" and that a stay "would avoid potential conflicting opinions."  Dkt. No. 21 at 1-2.  There is no such risk when, as here, Koneru has not presented his arguments on the ADA to this Court.  And, to the extent that he later chooses to present the arguments here, the inefficiency will be of Koneru's own creation. He chose to sue in D.C. and not here when he could have raised all of the arguments here and thus avoided having two courts address identical issues.  He cannot be a beneficiary of a problem of his own manufacture

Koneru has not satisfied the five factors a Court must consider as to the grant of a stay. "The power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering a stay application, Court must "weigh competing interest and maintain an even balance." *Id.* at 254–55. To do so, Court consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 621 (S.D.N.Y. 2012). As explained above, the SEC and the public have an interest the expeditions litigation of this securities action. The interests of the SEC, persons other than the parties to the litigation, and the public interest all weigh against a stay. Defendant has not, through his conduct, demonstrated that participating in the instant suit is a "burden on the defendant." *Id.* Rather than making a prompt motion to dismiss this lawsuit, Koneru agreed to a briefing schedule extending the time in which to make a motion to dismiss to May 21, 2026. Dkt. No. 16. Under the proposed schedule, briefing on the motion will not be completed until July 24, 2026. *Id.* The evident lack of urgency cuts against any claim of prejudice now. Finally, while if Koneru chooses to make his arguments before this Court, there may be a burden in two courts having to deal with similar issues, the proposition for which he implicitly argues would create a precedent that would be far more pernicious. It would multiply litigation by encouraging any putative defendant desiring to stall litigation against it to do so by running to a second parallel forum to file satellite litigation  challenging the plaintiff's right to litigate at all and then (after having unnecessarily burdened that other court with litigation) returning to the first court to argue that the fact of the satellite litigation alone requires a stay.

In sum, Koneru is not entitled to the "extraordinary remedy" of a stay. *SEC v. Collector's Coffee, Inc.*, 2023 WL 3686137, at *2 (S.D.N.Y. May 26, 2023) (quoting *Louis*

4

*Vuitton Mallatier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98–100 (2d Cir. 2012)).  The Clerk of Court

is respectfully requested to close Dkt. No. 20.


SO ORDERED.


Dated: April 16, 2026
      New York, New York             _____
                                           LEWIS J. LIMAN
                                United States District Judge